UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: RICHARD E. JACKSON AND ANGELA J. SHELTON, Debtors. | : : : : : : : | CIVIL ACTION NO. 3:07-cv-1514 (VLB) September 2, 2008 |

## RULING ON BANKRUPTCY APPEAL

This appeal arises from a bankruptcy proceeding initiated by the appellants, Richard Jackson and Angela Shelton. They appeal a September 12, 2007, ruling by the bankruptcy court (*Krechevsky, J*), finding that the term "loss of future earnings" as used in 11 U.S.C. § 522(d)(11)(E) refers only to post-bankruptcy petition future earnings. For the reasons hereinafter set forth, the decision of the bankruptcy court is AFFIRMED.

The facts relevant to this appeal are undisputed. Jackson and Shelton, husband and wife, were employed by the same company until their simultaneous termination on March 13, 2003. Shelton began collecting unemployment. Jackson continued working for the company as an independent contractor at an hourly rate, but without benefits or any guarantee of future work. At the same time, Jackson and Shelton retained an attorney and filed a wrongful termination lawsuit.

On October 31, 2003, Jackson and Shelton filed a joint Chapter 7

1

bankruptcy petition. Pursuant to 11 U.S.C. § 522(d)(11)(E), they listed the value of their lawsuit as an exemption from the estate. In April 2004, Jackson and Shelton settled their wrongful termination lawsuit for $135,000.00. The settlement specified that the compensation was "for future lost earnings" from termination for Jackson only - Shelton dropped her claims as part of the agreement - covering the period between March 14, 2003, and March 13, 2004. The settlement amount was calculated as follows. If Jackson had worked for the company for an additional year, the value of his salary, benefits and costs would have totaled $225,472.00. The company paid him $98,180.00 in independent contractor fees. The money actually earned as an independent contractor was subtracted from the value of the additional year's employment to reach his estimated future lost earnings. The parties then added a small amount of attorneys' fees to total $135,000.00. Jackson only earned independent contractor fees from his termination date until the bankruptcy petition date; the company paid him no fees after the petition date.

The net proceeds of the settlement payment totaled $82,203.00, after deducting attorneys' fees and taxes. Jackson and Shelton claimed the full amount as an exemption from the estate under section 522(d)(11)(E). The trustee objected. The bankruptcy court held a one day trial to determine the amount of the exemption. The bankruptcy judge held that only $16,550.00 could be exempted pursuant to section 522(d)(11)(E) based on two findings. In re Jackson, 376 B.R. 75 (Bankr. D. Conn. 2007). First, the court held that the term "lost of

future earnings" in section 522(d)(11)(E) allowed a debtor to exempt only those future earnings that would have been paid after the bankruptcy petition date. Id. at 78. Second, the court calculated that the "amount reasonably necessary for the support of" Jackson and his dependants was the amount of monthly expenses claimed in Schedule J of the petition ($14,071.00) minus the monthly income claimed in Schedule I ($10,332.00), totaling $44,868.00 per year. Id. at 80. There were 366 days accounted for in the settlement period of March 14, 2003, through March 13, 2004, but only 135 days from the October 31, 2003, petition date until the March 13, 2004, end of the settlement period. The prorated exemption amount totaled $16,550.00, or (135/366) x $44,868.00 = $16,550.00. Id. Jackson and Shelton appealed.

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). On appeal, the court reviews the factual findings of the bankruptcy court under a clearly erroneous standard, and conclusions of law are reviewed de novo. See Fed. R. Bankr. P. 8013; In re Bonnanzio, 91 F.3d 296, 300 (2d Cir. 1996).

Jackson and Shelton assert two arguments on appeal. First, they challenge the bankruptcy judge's conclusion that section 522(d)(11)(E) only allows a debtor to claim post-petition loss of earnings as an exemption. Second, they object to the bankruptcy judge's calculation of the amount reasonably necessary for their support.

The bankruptcy court's interpretation of the scope of section 522(d)(11)(E)

is clearly a question of law subject to de novo review. See In re Guadalupe, 365 B.R. 17, 19 (D. Conn. 2007). The parties do not identify and the court has found no case law that directly determines the relationship between pre- and post-petition loss of earnings under section 522(d)(11)(E). "The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004) (internal citations omitted).

A debtor's estate is undeniably created as of the bankruptcy petition date. 11 U.S.C. § 541(a) ("The commencement of a case . . . creates an estate"). Pursuant to 11 U.S.C. § 522(b)(1) and (2), a debtor may exempt from the estate any item listed in 11 U.S.C. § 522(d). 11 U.S.C. § 522(b)("(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) . . . (2) Property listed in this paragraph is property that is specified under subsection (d)"). Section 522(d)(11)(E) specifies an exemption for "a payment in compensation of loss of future earnings of the debtor . . . to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(11)(E).

The clear and unambiguous language of the statute creates an estate on the petition date and allows an exemption for a loss of any future earnings after

4

creation of that estate. Jackson and Shelton argue that the term "future" applies to all earnings after the date of their termination, not the date of the petition. Such a reading of the statute is against its clear language. To allow an exemption for earnings prior to the petition date would make the statute retroactive instead of future looking. That reading would render the operative term of the statute - "future" - obsolete and defeat the statute's purpose. Under Jackson and Shelton's interpretation, a debtor could receive a lump sum payment in settlement of a dispute years prior to the petition date and still claim that amount as an exemption even though their entitlement to the asset accrued before the petition was filed. That cannot be correct. In order for the term "future" to have any meaning, the earnings exempted must account for a period in the future from the date the estate is created.[1]

Jackson and Shelton attempt to analogize section 522(d)(11)(E)'s "loss of future earnings" language to Connecticut law governing the time period of "front pay" allowable in certain employment disputes. This argument is misplaced.

---

[1]The court's interpretation also comports with the definition of the estate's contents. Section 541 details that the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition of the estate is the reason that a debtor must schedule credits and income in the bankruptcy petition, placing creditors on notice of the estate's potential contents. At the time of their petition, Jackson and Shelton scheduled their claim against the insurance company. Any claim for lost wages they had at that point could not include wages that would have been due beyond the petition date because those wages and claims had not yet accrued. It is therefore logical that only post-petition future earnings would be exempt from the estate, as they could not have been part of the estate at its creation.

First, the settlement agreement clearly identified the period of time meant to be covered by the settlement amount. They do not contest that the agreement is clear on its face and binding. A calculation of the "future earnings" period's endpoint is not in dispute and irrelevant. Second, they fail to make clear how "front pay" is at all relevant to the inception date and contents of a bankruptcy estate. The bankruptcy court was correct in prorating the settlement amount to allow an exemption for only post-petition loss of future earnings.

Jackson and Shelton's second argument, that the bankruptcy court erred in calculating the amount reasonably necessary for support under section 522(d)(11)(E), is a conclusion of fact that the court reviews under a clearly erroneous standard. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . The bankruptcy court's conclusions of law, however, are reviewed de novo." In re Guadalupe, 365 B.R. at 19.[2]

It is uncontested that Jackson and Shelton listed a monthly income of $10,332.00 in Schedule I of the bankruptcy petition, and monthly expenses in the

---

[2]Jackson and Shelton assert that the court should review the bankruptcy court's application of section 522(d)(11)(E) de novo because it is a mixed question of law and fact. "Mixed questions of fact and law are subject to de novo review." Babitt v. Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003). However, they do not challenge the bankruptcy court's interpretation of the law or methodology of calculation. Only conclusions of fact involving the actual calculation amount is challenged. Nevertheless, the court finds that even under a de novo standard the judgment would be affirmed. The bankruptcy court interpreted and applied section 522(d)(11)(E) correctly, as noted below.

amount of $14,071.00 in Schedule J. There is a shortfall of $3,739.00 per month. That amount totaled for the one year duration of the settlement agreement is $44,868.00. The bankruptcy court correctly determined that amount to be the amount reasonably necessary for support under section 522(d)(11)(E). Prorated to account for only post-petition loss of future earning, the proper amount of the exemption is $16,550.00.

Jackson and Shelton's argument to the contrary fails in its first calculation. They claim that the monthly earnings the bankruptcy court should have used are Jackson's independent contractor fees of $98,180.00 divided by twelve months. This fails to account for their certified statements in the bankruptcy petition heretofore uncontested, the fact that Jackson's independent contractor fees were earned over a sixth month period not a twelve month period, and that the settlement payment that was meant to return Jackson's income to his pre-termination income level. Their position is untenable.

Based on the above reasoning, the ruling of the bankruptcy court is AFFIRMED. Section 522(d)(11)(E) applies only to post-petition loss of earnings. Using the income and expenditure numbers provided by Jackson and Shelton in their petition, the bankruptcy court correctly calculated the amount reasonably necessary for support over a one year period and prorated that amount to account for only the 135 days from the creation of the estate through the end of the one year settlement period. The clerk shall close the case file.

IT IS SO ORDERED.

/s/
**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: September 2, 2008.**